FILED
8/2/2021 1:45 PM
Rockdale County Superior Court
e-Filed Record

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of Rockdale County

| For Clerk Use Only | |
|---|---|
| Date Filed  8/2/2021 | Case Number  2021-CV-2058 |
| MM-DD-YYYY | |

**Plaintiff(s)**
Stewart, Sean

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Causevic, Suvad

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | NC Trucking, Inc. | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                        Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. No.
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
No.



Version 1.1.18

FILED
8/2/2021 1:45 PM
Rockdale County Superior Court
e-Filed Record

# IN THE SUPERIOR COURT OF ROCKDALE COUNTY

## STATE OF GEORGIA

Sean Stewart

824 Loch Haven Drive

Conyers, GA 30013

CIVIL ACTION 2021-CV-2058
NUMBER:_____

PLAINTIFF

VS.

Suvad Causevic

4638 West Addison Street

Chicago, IL  60641

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Craig D. Miller
**The Law Offices of Craig D. Miller, LLC**
5447 Roswell Road, N.E.
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This** _____2nd_____ **day of** ____August_____ , 20_21_ .

**Janice Morris,**
**Clerk of Superior Court**

By_____/s/ Andrea Chenault_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

FILED
8/2/2021 1:45 PM
Rockdale County Superior Court
e-Filed Record

# IN THE SUPERIOR COURT OF ROCKDALE COUNTY

## STATE OF GEORGIA

Sean Stewart

824 Loch Haven Drive

Conyers, GA 30013

CIVIL ACTION NUMBER: 2021-CV-2058

PLAINTIFF

VS.

NC Trucking, Inc.

5423 West Lawrence Ave.

Chicago, IL 60630-3404

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Craig D. Miller
**The Law Offices of Craig D. Miller, LLC**
5447 Roswell Road, N.E.
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____2nd_____ day of _____August_____, 20_21_.

**Janice Morris,**
**Clerk of Superior Court**

/s/ Andrea Chenault
By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

FILED
8/2/2021 1:45 PM
Rockdale County Superior Court
e-Filed Record

## IN THE SUPERIOR COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

SEAN STEWART,                   )
                                    )
    Plaintiff Stewart,         )
                                    )    CIVIL ACTION
vs.                              )    FILE NO.: 2021-CV-2058
                                    )
SUVAD CAUSEVIC and     )
NC TRUCKING, INC.         )    **JURY TRIAL DEMANDED**
                                    )
    Defendants.            )

## COMPLAINT FOR DAMAGES FOR PAIN AND SUFFERING,
## AND MEDICAL EXPENSES

COMES NOW SEAN STEWART, Plaintiff Stewart in the above styled action, who hereby

files this Complaint for Damages for Pain and Suffering, and Medical Expenses, by showing this

court as follows:

### PARTIES, VENUE, AND JURISDICTION

1.

This action arises from an April 17, 2019 motor vehicle collision that occurred in Whitfield

County, Georgia.

2.

A Certificate of Timeliness has been filed along with this Complaint for Damages which

shows that the statute of limitations as it applies to the subject incident has not and will not bar the

filing of this lawsuit until August 17, 2021, in accordance with the Third Order Extending

Declaration of Statewide Judicial Emergency which was issued on June 12, 2020.

3.

Plaintiff Sean Stewart (hereinafter referred to as "Plaintiff Stewart") presently resides in Rockdale County, Georgia.

4.

Defendant Suvad Causevic (hereinafter referred to as "Defendant Causevic") is a resident of Cook County, IL and may be personally served with process by serving him at his residence at 4638 West Addison Street, Chicago, IL 60641.

5.

Defendant Causevic was a resident of Illinois at the time of the subject collision. Defendant Causevic may be properly served by service upon the Secretary of State of Georgia in accordance with Georgia's Nonresident Motorist Act (O.C.G.A. §40-12-2).

6.

Defendant Causevic is subject to both the jurisdiction and venue of this Court.

7.

Defendant NC Trucking, Inc. is an Illinois corporation transacting business in the State of Georgia.

8.

Defendant NC Trucking, Inc. may be served by serving its registered agent for service, Jadranka Ivosevic-Causevic, at its registered address, to wit: 5423 West Lawrence Ave., Chicago, IL 60630-3404.

9.

Defendant NC Trucking, Inc. may be properly served by service upon the Secretary of State of Georgia in accordance with Georgia's Nonresident Motorist Act (O.C.G.A. §40-12-2).

2

10.

Defendant NC Trucking, Inc. is subject to both the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

11.

On April 17, 2019, Defendant Causevic was operating a white 2006 Freightliner Casacia tractor-trailer truck.

12.

At approximately 12:48 p.m., Defendant Causevic was traveling in the right lane on I-75 northbound near mile marker 326, inside the City of Dalton in Whitfield County, Georgia.

13.

At said time and place, Plaintiff Stewart was operating a white 2016 Chevrolet Cutaway DRW motor vehicle in the middle lane on I-75 northbound near mile marker 326, inside the City of Dalton in Whitfield County, Georgia.

14.

Defendant Causevic performed an improper lane change, in violation of O.C.G.A. §40-6-123, and he caused the trailer of the truck he was driving to collide with the front passenger's side of the vehicle Plaintiff Stewart was driving.

15.

At the time of this incident, Defendant Causevic was an employee, an agent of NC Trucking, Inc., and he was acting in the course of, and within the scope of, his employment with NC Trucking, Inc. Consequently, under fundamental principles of agency and respondeat superior, Defendant NC Trucking, Inc., as the employer of Defendant Causevic, is legally liable

3

for Defendant Causevic's negligent acts and omissions, with regard to the subject April 17, 2019 collision with Plaintiff Stewart.

16.

The negligence of Defendant Causevic caused a significant collision involving property damage to the vehicle Plaintiff Stewart was driving.

17.

Defendant Causevic was issued a warning for improper lane change, in violation of O.C.G.A. §40-6-123, by the investigating police officer, J. Day of the Georgia State Patrol (GSPA/Post 5).

18.

At all times during this incident, Plaintiff Stewart conducted himself in a safe and lawful manner, he was wearing his seatbelt and safety shoulder harness, he was driving within the posted speed limit, and he was using due care for himself and for the driving public.

19.

Plaintiff Stewart did not in any way cause or contribute to the subject collision which was exclusively caused by Defendant Causevic's negligence.

**COUNT I**
**(NEGLIGENCE)**

20.

The allegations contained in paragraph 1 through 19 of Plaintiff Stewart's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

4

21.

Defendant Causevic owed duties of exercising due and reasonable care to Plaintiff Stewart as well as to the other motorists on the road.

22.

Defendant Causevic breached those duties owed to Plaintiff Stewart by operating the Freightliner tractor-trailer he was driving in an unsafe, reckless, and negligent manner.

23.

Defendant Causevic's negligence, which constituted the direct and proximate cause of injury to Plaintiff Stewart, consisted of the following:

1. Improper lane change, in violation of O.C.G.A. §40-6-123; which constitutes negligence per se;

2. Failure to maintain lane, in violation of O.C.G.A. §40-6-48; which constitutes negligence per se;

3. Reckless driving, in violation of O.C.G.A. §40-6-390, which constitutes negligence per se;

4. Failing to keep a proper lookout;

5. Failing to observe or undertake necessary precautions to avoid causing a collision with Plaintiff Stewart's vehicle;

6. Failing to maintain reasonable control of his vehicle;

7. Failing to exercise reasonable care;

8. Failing to take evasive or other reasonable actions in order to prevent or minimize the impact between the vehicles; and

9. Committing other negligent acts and omissions, as shall be shown by the evidence and proven at trial.

24.

As a direct and proximate result of Defendant Causevic's negligence, as stated above, Plaintiff Stewart sustained serious, painful injuries, including, but not limited to his: lumbar spine, right hip, right knee, and right foot.

25.

As a direct and proximate result of Defendant Causevic's negligence, as stated above, Plaintiff Stewart has also suffered and will continue to suffer into the future, for the rest of his life, the following: emotional distress as well as physical pain and suffering and loss of enjoyment of life.

26.

As a direct and proximate result of the injuries sustained in the collision caused by the negligence of the Defendant Causevic, Plaintiff Stewart has incurred medical expenses totaling $104,547.88 to date, and he will continue to incur and require reasonable and necessary medical expenses in the future, due to the severe and painful nature of his injuries.  Plaintiff Stewart's collision-related medical special damages to date are itemized as follows:

6

| Provider | Date(s) of Service | Charges | |
|---|---|---|---|
| Emory Decatur Hospital | 4/17/19 | $ | 2,365.37 |
| CEP America, LLC | 4/17/19 | $ | 656.00 |
| Concentra Medical Centers | 4/18/2019 - 6/03/2019 | $ | 2,907.86 |
| Northside Hospital Forsyth | 5/15/19 | $ | 4,506.00 |
| Northside Radiology Associates | 5/15/19 | $ | 337.00 |
| OneCall (Medical Transportation) | 5/15/2019 - 9/02/2020 | $ | 2,159.90 |
| Athens Orthopedic Clinic - Logansville (Dr. Julian Price) | 5/28/2019 - 8/11/2020 | $ | 44,055.00 |
| Gwinnett County Fire and Emergency Services | 6/6/19 | $ | 1,110.00 |
| Eastside Medical Center | 6/6/19 | $ | 3,111.59 |
| Constellation Emergency Physicians, LLC | 6/6/19 | $ | 1,137.00 |
| Anesthesia Consultants of Athens | 6/19/19 | $ | 1,862.00 |
| Piedmont Athens Regional Hospital | 6/19/19 | $ | 3,353.00 |
| Benchmark Physical Therapy | 8/13/2019 - 10/19/2020 | $ | 26,486.50 |
| MSC Group, Inc. | 8/8/2019 - 8/21/2020 | $ | 9,390.66 |
| Gwinnett County EMS | 11/26/19 | $ | 1,110.00 |
| Hillandale Primary Care | 12/21/2020 - 3/4/2021 | To Be Determined. | |
| Resurgens Orthopaedics | 6/30/21 | To Be Determined. | |
| | | $ | 104,547.88 |

27.

Due to the nature, extent, and severity of Plaintiff Stewart's collision-related injuries, Plaintiff Stewart was disabled from performing the duties of his employment, which resulted in lost income in an amount to be determined and proven at trial.

28.

By reason of the foregoing, Plaintiff Stewart is entitled to recover compensatory damages from Defendants for his past, present and future emotional and physical pain and suffering, in such

an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

29.

By reason of the foregoing, Plaintiff Stewart is entitled to recover special damages from Defendants for his collision-related medical expenses, past and future, and his lost income, in such amounts as shall be shown by the evidence and proven at trial.

WHEREFORE, Plaintiff Stewart prays and respectfully demands verdict and judgment as follows:

a. That summons and process issue and that Defendants be served with a copy of this Summons and Complaint as required by law and that Defendants be required to appear and answer;

b. That Plaintiff Stewart be awarded compensatory damages from Defendants for Plaintiff Stewart's past, present, and future physical and emotional pain and suffering and for all the consequential damages as may be shown by the evidence and determined in the enlightened conscience of the jury;

c. That Plaintiff Stewart be awarded special damages from Defendants for Plaintiff Stewart's past and future medical expenses and lost income in such amounts as shall be shown by the evidence and proven at trial;

d. That Defendants be charged with all court costs reasonably incurred in the prosecution and trial of this case;

e. That Plaintiff Stewart be granted a trial by jury; and

f. That Plaintiff Stewart be granted such other and further relief as may be authorized by law.

8

Respectfully submitted this 2nd day of August 2021.


**THE LAW OFFICES OF CRAIG D. MILLER, LLC**

5447 Roswell Road                                    Craig D. Miller
Atlanta, Georgia 30342                               Georgia State Bar No.: 506513
Tele.:  (404) 593-2715
Fax:    (404) 264-1149
Craig.Miller@millerpersonalinjury.com
Katie.Boatwright@millerpersonalinjury.com            Katie M. Boatwright
*Attorneys for Plaintiff Stewart Sean Stewart*       Georgia State Bar No.: 553205

FILED
8/2/2021 1:45 PM
Rockdale County Superior Court
e-Filed Record

### IN THE SUPERIOR COURT OF ROCKDALE COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| SEAN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION 2021-CV-2058 |
| vs. | ) FILE NO.: _____ |
| | ) |
| SUVAD CAUSEVIC and | ) |
| NC TRUCKING, INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF TIMELINESS

Pursuant to Supreme Court Rule 11.1, Plaintiff certifies that this filing of Plaintiff's Complaint for Damages for Pain and Suffering and Medical Expenses is timely submitted, taking into account the suspension of filing deadlines as prescribed by the original Order Declaring Statewide Judicial Emergency entered on March 14, 2020 and as extended or otherwise prescribed by the Third Order Extending Declaration of Statewide Judicial Emergency. Specifically:

   a) This filing was originally due on April 17, 2021.
   b) The number of days that remained before the date specified in (a), as of the suspension of the deadline on March 14, 2020 was 399 days.
   c) This filing is timely because it is being filed within the number of days specified in (b), counting from July 14, 2020.

To the extent the deadline for this filing has been affected by a local judicial emergency order entered by the chief judge of a superior court or by any case-specific trial court order, a copy of such order(s) is attached hereto.

Respectfully submitted, this 2nd day of August 2021.

Craig D. Miller
Georgia State Bar No.: 506513
Craig.miller@millerpersonalinjury.com

Katie M Boatwright
Georgia State Bar No.: 553205
Katie.boatwright@millerpersonalinjury.com



SUPREME COURT OF GEORGIA

**FILED**
Administrative Minutes
June 12, 2020

Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## THIRD ORDER EXTENDING DECLARATION OF
## STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended twice, with modifications, by orders issued on April 6 and May 11, 2020. After consulting with the Judicial Council of Georgia, the Judicial COVID-19 Task Force, and other judicial partners, and recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, it is hereby determined that the Order should be extended again, but with significant modifications.

The work of the courts in Georgia has diligently gone forward on essential and critical matters, and most courts have continued some non-essential court operations, in particular by using technology to conduct proceedings remotely, but more must be done. Therefore, as detailed below, with the exception of jury trial proceedings and most grand jury proceedings, this extension order announces a plan to reimpose as of July 14, 2020, many of the deadlines imposed by law on litigants in civil and criminal cases that have been suspended, tolled, or extended since the initial Order on March 14, in order to allow more pending cases and newly filed cases to move forward in the judicial process again. All Georgia courts must continue, however, to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Friday, June 12, 2020, at 11:59 p.m., is further extended until Sunday, July 12, 2020, at 11:59 p.m. All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended, with the following clarifications, modifications, and directions. Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I. Continued Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings

(A)    Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, the suspension of jury trials shall remain in effect and until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

(B)    Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries should not be assembled except when necessary and only under circumstances in which social distancing and other public health guidance can be followed. A guidance document about the continued authority of grand juries impaneled prior to the issuance of the Order is included in the Appendix to this order.

(C)    As directed by the May 11 extension order, the Judicial Covid-19 Task Force is developing policies, procedures, and templates to allow the safe resumption of jury trials and grand jury proceedings. These materials should be available in July 2020, but it is unlikely that any jury proceedings will begin until August or later.

2

## II.    Plan for the Reimposition of Deadlines

(A)   This order announces a plan to reimpose all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials.

(2)   **All other deadlines imposed on litigants shall be reimposed effective as of July 14, 2020**, as further explained below.

(3)   This will mean that for **cases that were pending before the March 14 Order**, litigants will have the same amount of time to file or act after July 14 that they had as of March 14. For example, if an answer in a civil case was due on March 20, that answer will now be due on July 20, and if a criminal defendant's pretrial motions were due on March 23, they will now be due on July 23.

(4)   This will mean that for **cases filed between March 14 and July 13, 2020,** the time for deadlines will begin running on July 14. For example, if a civil complaint was filed in June and the answer would have been due 30 days later, that 30-day period will begin on July 14 and the answer will be due on August 13.

(5)   This will mean that **for cases filed on or after July 14, 2020,** litigants will have the normal deadlines applicable to the case.

(6)   If the reimposed deadline falls on a **weekend or legal holiday**, the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any **extension of time** for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020 shall also extend the time for that filing or action after July 14. For example, if a litigant's filing was initially due on March 10 but she was granted a 10-day extension of that deadline (to March 20), the filing will be due on July 24 (10 days after July 14).

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed **on litigants** in civil and criminal cases that are **calculated by reference to terms of court** shall be lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 shall count toward such deadlines. See also the May 4, 2020 Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.

(B)   Recognizing the substantial backlog of pending cases, **deadlines imposed on courts shall remain suspended and tolled**. All courts should nevertheless work diligently to clear the backlog and to

4

comply with usual deadlines and timetables to the extent safe and practicable.

(C)     To address the backlog of cases before deadlines on litigants are reimposed more generally as of July 14, 2020, **judges should utilize the authorization provided to them in the May 11 extension order to reimpose deadlines on a case-by-case basis** after considering the particular circumstances of the case, including any public health concerns and known individual health, economic, and other concerns regarding the litigants, lawyers, witnesses, and other persons who may be involved in the case. The judge must enter a **written order in the record** for the case identifying the filing deadlines that are being established.   **A case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions that will be reimposed by statewide order.**

(D)     To assist in evaluating this plan to reimpose deadlines, **comments are solicited** from judges, lawyers, and the general public. Comments should be delivered in Word or PDF format by email to JCTFcomments@gasupreme.us.

## III.   Proceedings Conducted Remotely Using Technology

(A)     All courts are encouraged to continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings.

(B)     Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on videoconferences and teleconferences.

(C)     Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, including civil non-jury trials and other non-jury adjudicative proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on

participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV. In-Person Proceedings Under Guidelines for Safe Operations

(A)   Except for jury and grand jury proceedings, courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   Each court should develop and implement operating guidelines as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public. The Judicial Council Strategic Planning Committee and the Judicial Covid-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and may be used as the template for such operating guidelines.

(C)   Courts of different classes that share courthouse facilities or operate in the same county should seek to coordinate their operating guidelines.

(D)   Each court must submit its operating guidelines to the Administrative Office of the Courts at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(E)   Operating guidelines should be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

7

## VI. Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the Order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines planned for by this order and by orders in specific cases.

## VII. Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic.

Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means.  Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 12th day of June, 2020.


_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

9

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office. Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

, Clerk

11

FILED
9/1/2021 7:51 AM
Rockdale County Superior Court
e-Filed Record

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

SEAN STEWART,

     Plaintiff,

v.

SUVAD CAUSEVIC and
NC TRUCKING, INC.,

     Defendants.

Civil Action File No. 2021-CV-2058

## DEFENDANT NC TRUCKING, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant NC Trucking, Inc., files its answer and defenses to Plaintiff's Complaint and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff may not recover against this Defendant because it breached no legal duty owed to Plaintiff.

### SECOND DEFENSE

Plaintiff may not recover against this Defendant because no act or omission of this Defendant was the proximate cause of the injuries complained of by Plaintiff.

### THIRD DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A. § 51-12-33(b).

### FOURTH DEFENSE

Plaintiff may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

### FIFTH DEFENSE

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for their own safety.

### SIXTH DEFENSE

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

### SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### EIGHTH DEFENSE

Defendant asserts the defense of insufficient service of process.

### NINTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations.

### TENTH DEFENSE

Pending further discovery, this Defendant asserts any and all defenses that may be waivable under O.C.G.A. §9-11-8(c).

### ELEVENTH DEFENSE

In further response to Plaintiff's Complaint, this Defendant responds as follows:

### PARTIES, VENUE, AND JURISDICTION

1.

This Defendant admits Plaintiff's lawsuit relates to a motor vehicle collision that occurred in Whitfield County, Georgia on or around April 17, 2019.

2.

This Defendant admits a certificate of timeliness has been filed. This Defendant lacks

sufficient information and knowledge to admit or deny that this lawsuit was timely filed and

reserves its right to assert that Plaintiff's claims are barred by the statute of limitations.

3.

This Defendant lacks sufficient information and knowledge to admit or deny the

allegations of Paragraph 3 of Plaintiff's Complaint and, therefore, places Plaintiff on strict proof

thereof.

4.

This Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits that he is a resident of Illinois.  This defendant neither admits nor

denies that process was properly served upon the Secretary of State.  This Defendant denies that

Plaintiff has been properly served under O.C.G.A §40-12-2.

6.

This Defendant does not challenge that this Court may have jurisdiction over this matter.

This Defendant does not challenge that Rockdale County may be a proper venue. However, this

Defendant asserts its right to remove this case to the United States District Court in the Northern

District of Georgia based on the diversity of citizenship between the parties and the amount in

controversy.

7.

This Defendant admits NC Trucking is an Illinois Corporation.  This Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, places Plaintiff on strict proof thereof.

8.

This Defendant admits the allegations of Paragraph 8 in Plaintiff's Complaint.

9.

This Defendant admits that he is a resident of Illinois.  This defendant neither admits nor denies that process was properly served upon the Secretary of State.  This Defendant denies that Plaintiff has been properly served under O.C.G.A §40-12-2.

10.

This Defendant does not challenge that this Court may have jurisdiction over this matter.  This Defendant does not challenge that Rockdale County may be a proper venue.  However, this Defendant asserts its right to remove this case to the United States District Court in the Northern District of Georgia based on the diversity of citizenship between the parties and the amount in controversy.

**FACTUAL ALLEGATIONS**

11.

This Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits Defendant Causevic was traveling in the right lane on I-75 northbound.  This Defendant can neither admit nor deny the remaining allegations in Paragraph

- 4 -

12 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

13.

This Defendant can neither admit nor deny the allegations in Paragraph 13 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

14.

This Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits Causevic was an employee at the time of the incident. This Defendant denies the remaining allegations set forth in Paragraph 15. This Defendant denies any wrongdoing on behalf of Causevic and further denies any action or inaction or that this Defendant was the proximate cause of any injury to Plaintiff.

16.

This Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant can neither admit nor deny the allegations in Paragraph 17 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

18.

This Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## COUNT I
## (NEGLIGENCE)

20.

Defendant realleges and incorporates its responses contained in Paragraphs 1-19 as if fully restated herein.

21.

This Defendant admits Causevic owes certain duties to other drivers under Georgia law. This Defendant denies Causevic breached any such duty.

22.

This Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, and all subparts.

24.

This Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant can neither admit nor deny the allegations in Paragraph 27 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

28.

This Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied.  This Defendant denies Plaintiff's prayer for relief and further denies that Plaintiff is entitled to any relief against this Defendant.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiff.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 1st day of September, 2021.

DREW ECKL & FARNHAM, LLP

/s/  Matthew A. Nanninga<br>
Matthew A. Nanninga, Georgia Bar No. 159070<br>
Robert A. Quinn, Georgia Bar No. 473668<br>
*Attorneys for Defendant - NC Trucking, Inc.*

303 Peachtree Street, NE, Suite 3500<br>
Atlanta, Georgia  30308<br>
(404) 885-1400<br>
mnanninga@deflaw.com<br>
rquinn@deflaw.com

- 7 -

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **Defendant NC Trucking, Inc.'s Answer and Defenses to Plaintiff's Complaint** upon all parties concerned by electronically filing a copy of the within and foregoing by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorney of record as follows:

Craig D. Miller
Katie M. Boatwright
The Law Offices of Craig D. Miller, LLC
5447 Roswell Road
Atlanta, Georgia  30342
craig.miller@millerpersonalinjury.com
katie.boatwright@millerpersonalinjury.com

This 1st day of September, 2021.

/s/  Matthew A. Nanninga
Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant - NC Trucking, Inc.*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com

FILED
9/1/2021 7:51 AM
Rockdale County Superior Court
e-Filed Record

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

SEAN STEWART,

    Plaintiff,

v.                               Civil Action File No. 2021-CV-2058

SUVAD CAUSEVIC and
NC TRUCKING, INC.,

    Defendants.

### DEFENDANT SUVAD CAUSEVIC'S ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant Suvad Causevic, files his answer and defenses to Plaintiff's Complaint and

respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff may not recover against this Defendant because it breached no legal duty owed

to Plaintiff.

### SECOND DEFENSE

Plaintiff may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiff.

### THIRD DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A.

§ 51-12-33(b).

### FOURTH DEFENSE

Plaintiff may only recover against this Defendant based on its percentage of fault, if any,

according to the provisions of O.C.G.A. § 51-12-31.

## FIFTH DEFENSE

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for their own safety.

## SIXTH DEFENSE

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

## SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

This Defendant asserts the defense of insufficient service of process.

## NINTH DEFENSE

This Defendant asserts the statute of limitations defense.

## TENTH DEFENSE

This Defendant reserves his right to assert defenses under O.C.G.A §9-11-12(b) should discovery give rise to facts relevant to the application of any said defenses.

## ELEVENTH DEFENSE

In further response to Plaintiff's Complaint, this Defendant responds as follows:

## PARTIES, VENUE, AND JURISDICTION

1.

This Defendant admits Plaintiff's lawsuit relates to a motor vehicle collision that occurred in Whitfield County, Georgia on or around April 17, 2019.

.

2.

This Defendant admits a certificate of timeliness has been filed. This Defendant lacks sufficient information and knowledge to admit or deny that this lawsuit was timely filed and reserves its right to assert that Plaintiff's claims are barred by the statute of limitations.

3.

This Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 3 of Plaintiff's Complaint and, therefore, places Plaintiff on strict proof thereof.

4.

This Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits that he is a resident of Illinois.  This defendant neither admits nor denies that process was properly served upon the Secretary of State.  This Defendant denies that Plaintiff has been properly served under O.C.G.A §40-12-2.

6.

This Defendant does not challenge that this Court may have jurisdiction over this matter. This Defendant does not challenge that Rockdale County may be a proper venue. However, this Defendant asserts its right to remove this case to the United States District Court in the Northern District of Georgia based on the diversity of citizenship between the parties and the amount in controversy.

7.

This Defendant admits NC Trucking is an Illinois Corporation.  This Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, places Plaintiff on strict proof thereof.

8.

This Defendant admits the allegations of Paragraph 8 in Plaintiff's Complaint.

9.

This Defendant admits that he is a resident of Illinois.  This defendant neither admits nor denies that process was properly served upon the Secretary of State.  This Defendant denies that Plaintiff has been properly served under O.C.G.A §40-12-2.

10.

This Defendant does not challenge that this Court may have jurisdiction over this matter. This Defendant does not challenge that Rockdale County may be a proper venue. However, this Defendant asserts its right to remove this case to the United States District Court in the Northern District of Georgia based on the diversity of citizenship between the parties and the amount in controversy.

**FACTUAL ALLEGATIONS**

11.

This Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits Defendant he was traveling in the right lane on I-75 northbound. This Defendant can neither admit nor deny the remaining allegations in Paragraph 12 of

- 4 -

Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

13.

This Defendant can neither admit nor deny the allegations in Paragraph 13 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

14.

This Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits he was an employee at the time of the incident.  This Defendant denies the remaining allegations set forth in Paragraph 15.  This Defendant denies any wrongdoing on behalf of himslef and further denies any action or inaction or that this Defendant was the proximate cause of any injury to Plaintiff.

16.

This Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant can neither admit nor deny the allegations in Paragraph 17 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

18.

This Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## COUNT I
## (NEGLIGENCE)

20.

Defendant realleges and incorporates its responses contained in Paragraphs 1-19 as if fully restated herein.

21.

This Defendant admits he owes certain duties to other drivers under Georgia law. This Defendant denies he breached any such duty.

22.

This Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, and all subparts.

24.

This Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant can neither admit nor deny the allegations in Paragraph 27 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

28.

This Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied. This Defendant denies Plaintiff's prayer for relief and further denies that Plaintiff is entitled to any relief against this Defendant.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiff.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 1st day of September, 2021.

DREW ECKL & FARNHAM, LLP

/s/  Matthew A. Nanninga
Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
Attorneys for Defendant - Suvad Causevic

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Defendant Suvad Causevic's Answer and Defenses to Plaintiff's Complaint** upon all parties concerned by electronically filing a copy of the within and foregoing by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorney of record as follows:

Craig D. Miller
Katie M. Boatwright
The Law Offices of Craig D. Miller, LLC
5447 Roswell Road
Atlanta, Georgia  30342
craig.miller@millerpersonalinjury.com
katie.boatwright@millerpersonalinjury.com

This 1st day of September, 2021.

/s/  Matthew A. Nanninga
Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant - Suvad Causevic*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com